### SAMPSON J. BELL *v.* JACOB B. KERR ET AL.

1. STATUTES.   *Constitutionality of same.*   *When not determined.*

   The constitutionality of a statute will not be determined unless it be essential to the decision of the case under consideration.

2. PRIVILEGE TAXES.   *Contracts.*   *Timber buyer.*   *Laws* 1900, p. 44.

   The act of 1900, imposing a privilege tax, graduated according to acreage, on each "land timber-mill company, or corporation, or individual" in each county who buys timber therein without buying the land, subject to a proviso that the same should not apply to saw-mill operators who do not ship timber or lumber out of this state (Laws, p. 44), is limited in its scope to the operators of saw-mills, and does not include one who, having bought standing timber in a county, contracts with a saw-mill operator to saw the same and deliver the lumber at a point indicated.

3. SAME.   *Commencement of business.*   *Prior contract.*

   A contract made before the commencement of a business cannot be void for delinquency under the privilege tax law as one made in the course of the business.
   80 Miss.—12

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Kerr and another, appellees, were plaintiffs in the court below; Bell, appellant, was defendant there. From a judgment in plaintiffs' favor defendant appealed to the supreme court.

The controlling facts of the case sufficiently appear in the opinion of the court.

*McLaurin, Armistead & Brien,* for appellant.

The test of liability under the privilege tax law is the buying of timber without buying the land, and the shipping of it out of the state by the particular company, corporation, or individual. The *cestui que trust* McPherson clearly bought the timber in Warren county without buying the land on which it stood, and shipped the lumber made from it out of this state. As he never paid the proper privilege tax, the contract evidenced by the deed of trust in his favor is void. Laws 1900, p. 44; *Reardon* v. *Henson,* 29 So., 764. We also insist that buying the timber without buying the land is alone sufficient to impose liability for the tax, unless McPherson was a saw-mill operator in Warren county, and it is conceded that he was not.

The case of *Cunningham Bros. Woolen Co.* v. *Building & Loan Association,* 73 Miss., 516, has no application to the one at bar, for here, Kerr, the grantor in the trust deed, as shown by his assignment, desires the avoidance of the trust deed, and authorizes the appellant to make the defense against it, above relied on.

*Magruder, Bryson & Dabney,* for appellees.

1. The act of the legislature imposing the privilege tax in question operates as a regulation of commerce among the states, and undertakes to lay duties on exports, and is therefore repugnant to the constitution of the United States. Const. U. S.,

art. 1, sec. 8, clause 3; *Allen* v. *Tyson Jones Buggy Co.,* 91 Texas, 22; *Cook* v. *Rome Brick Co.,* 98 Ala., 409; *Voight* v. *Wright,* 141 U. S., 62; Tiedman on State and Federal Control of Persons and Property, pp. 1033, 1038, and cases cited; *Coe* v. *Errall,* 116 U. S., 517; *Walling* v. *Michigan, Ib.,* 446; *Woodruff* v. *Parham,* 8 Wall., 123; *Welton* v. *Missouri,* 91 U. S., 282; *County of Mobile* v̇. *Kimball,* 102 U. S., 697; *Brown* v. *Houston,* 114 U. S., 622, and cases cited; *Gibbons* v. *Ogden,* 9 Wheat., 222.

2. The evidence utterly fails to show that McPherson shipped lumber from Warren county at any time.

3. If he did ship lumber out of the state, it was not done until some months after the trust deed sought to be avoided was made, and not being liable for a privilege tax when that instrument was made, there was no default in payment on his part which could affect the validity of his contract.

CALHOON, J., delivered the opinion of the court.

We do not decide whether sec. 8, ch. 43, p. 44, laws 1900, is violative of the constitution of the United States, as is so ably argued by counsel. It is not necessary that we should decide this question, and courts do not deliver opinions on the constitutionality of statutes unless it be essential to the determination of the case in hand. Section 8, referred to, is in a statute creating privilege taxes, and is this: "On each land timber mill company, or corporation, or individual in each county, who buys timber without buying the land, for 500 acres, or less, $25. Same: For 1,000 acres, or more than 500 acres, $50, and so on at the rate of $25 on each 500 acres in each county so purchased; provided, that this does not apply to saw-mill operators who do not ship timber or lumber out of this state." This statute is penal, and must have strict construction. We think a proper interpretation confines its scope to such companies, corporations, or individuals as operate mills for transforming timber for transportation, or saw mills. Otherwise it would include

mere raftsmen, who buy trees and float them off. We are not able to find the words "timber mill" in our language. This record shows that R. T. McPherson, who is the beneficiary in a trust deed executed by J. B. Kerr, the judgment debtor of appellant, Bell, to J. B. Dabney, trustee, who is appellee here, had bought standing timber in Warren county in the year 1900. McPherson had no ownership of, or any interest in, any mill in that county; but he contracted with Kerr, who did own and operate a saw mill there, to saw timber for him, and deliver it to him at a point indicated. After part had been sawed, Mc-Pherson sold to Kerr what was left, together with a logging outfit, took his note for the agreed price, and had it secured by the trust deed mentioned, on November 1, 1900, which instrument covered the property in controversy. This property was levied on by Kerr's judgment creditor, Bell, and the trustee, Dabney, interposed his claim to it, and his right to it was vindicated by the circuit court, and Bell appeals. The effort to defeat this claim is solely on the contention that the trust conveyance was invalid because McPherson had not paid the privilege tax provided for in sec. 8, above mentioned. To prove shipment of the lumber out of the state, the only evidence is that McPherson sold to parties in Missouri, but for delivery in Warren county, free on board, on a barge at a landing, and on cars at a railroad station. It is hardly material to inquire whether this sale was a shipment "out of the state" by McPherson, under sec. 8 of the act, because it is not shown that any of this was done with the Warren county lumber before the execution of the trust instrument, and certainly there was no obligation to pay the tax until business began.

*Affirmed.*